Opinion issued October 7, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00800-CR




ANDREW AVILA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 929716




MEMORANDUM OPINION
          Appellant, Andrew Avila, pleaded not guilty to the felony offense of
aggravated robbery. A jury found appellant guilty and assessed punishment of 12
years in prison. In two points of error, appellant complains that (1) the trial court
erred by denying his motion for mistrial because the length of the recess in jury
deliberations on guilt-innocence violated his constitutional rights to due process and
due course of law and (2) the trial court erred by refusing to admit certified copies of
complainant’s criminal record into evidence. We affirm.
BACKGROUND
          At approximately 4:00 p.m. on Friday, July 18, 2003, after the conclusion of
closing arguments, the trial court dismissed the alternate juror and the jury retired to
begin its deliberations.


 At the end of the day, after approximately an hour and 15
minutes of deliberation, the trial court recalled the jury to the courtroom and
announced a recess until Wednesday, July 23, 2003 at 9:30 a.m. 
          On the morning of Wednesday, July 23, 2003, the judge asked his bailiff, on
the record, to inform the parties and counsel about a phone call the bailiff had
received that morning from juror number five, Mr. Leeaks. The bailiff reported that
Mr. Leeaks had called to inform them that he had been taken to the hospital the day
before with a “low blood count,” had received a transfusion, and had been admitted
to Park Plaza Hospital for additional tests. The bailiff also reported that, until Mr.
Leeaks received the results of the tests, he would not know when he could return.
          After the bailiff’s report, the judge, appellant’s counsel, and counsel for the
State discussed how best to proceed. The record reflects no orders resulting from the
discussion and no motions or objections from either counsel. The judge discussed
two alternatives. First, she suggested they wait a day or two to “see if the juror is
released [from the hospital] and if we can resume deliberations on Friday, perhaps.” 
Alternatively, she suggested that “once we get a little more information as to his [Mr.
Leeaks’] health status, we will research the law to see if the jury can go forward with
only 11 jurors.” Appellant’s counsel told the judge that she believed they needed to
get more information “today” from the juror or his doctor in order to know if the trial
could go forward, but also stated “I don’t have a problem going forward tomorrow
or Friday.” Appellant’s counsel did say she was “extremely hesitant” to agree to
going forward with only 11 jurors. She told the court, “I do not think I would agree
to that. That’s my position at this time.”
           The jurors were recalled and told they could go home and should plan to return
the next morning unless they were contacted by the court. The trial court told the
jurors they would be called if “it has to be delayed until, say, Friday or Monday.” The
record shows that appellant’s counsel was present and lodged no objection. 
Appellant argues that the record indicates that the trial court intended to carry the
case “indefinitely” and that appellant had no opportunity to object at the time. But
a review of the record does not show any such intention on the part of the trial court,
nor does it show a lack of opportunity to object. The trial court reconvened the case
with all 12 jurors present on the following Monday, July 28, 2003. Appellant’s
counsel made a motion for mistrial at that time, stating that the length of the
interruption of jury deliberations was a violation of appellant’s “rights to due process
and due course of law under the Texas Constitution.” After hearing the arguments
of counsel on the mistrial motion, the trial court held that “the situation is not ideal,
[but] I don’t find it to be harmful.” Appellant’s motion was denied.DISCUSSION
Motion for Mistrial
          In his first point of error, appellant argues that the trial court should have
granted his motion for mistrial because the length of the recess in jury deliberations
violated his “rights to due process and due course of law.” The jury deliberations
were recessed for a total of nine days, four of which fell on weekends and five on
week days. 
          A trial judge necessarily has broad discretion to deal with the many unexpected
situations that arise during trial. Johnson v. State, 583 S.W.2d 399, 405 (Tex. Crim.
App. 1979). Appellant has cited no precedent, and we have found none, for reversing
a trial court’s denial of a motion for mistrial that was based solely on the length of a
recess in jury deliberations. On the contrary, we found no abuse of discretion in
Hoppes v. State, where, at the conclusion of evidence at the guilt-innocence phase,
the trial was recessed for two weeks to permit a juror to take a two-week vacation.
725 S.W.2d 532, 533-35 (Tex. App.—Houston [1st Dist.] 1987, no pet.). In Hoppes,
the appellant argued, in much the same manner as appellant does in this case, that the
juror could not retain “this mass of material over a two-week vacation period.” Id.
at 534. Similarly, we found no abuse of discretion in Simpson v. State, where the jury
had deliberated one afternoon and then was recessed for six days due to a death in the
family of one of the jurors. 668 S.W.2d 915, 918 (Tex. App.—Houston [1st Dist.]
1984, no pet.). 
          We hold that the trial court did not abuse its discretion by denying appellant’s
motion for mistrial. We overrule appellant’s first point of error.
Admission of Complainant’s Criminal History
          In his second point of error, appellant asserts that the trial court erred by
refusing to admit into evidence certified copies of complainant’s criminal record. 
          We review a trial court’s ruling on the admissibility of evidence under an abuse
of discretion standard, in light of the evidence before the trial court at the time the
ruling was made, and must uphold the trial court’s ruling if it was within the zone of
reasonable disagreement. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000); Ellis v. State, 99 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d). 
          At the time of the trial court’s ruling, appellant had already elicited oral
testimony from complainant about her prior offenses, including a recitation of the
name and degree of each offense, date of conviction, sentence, and even the court and
cause number. 
           The standard for exclusion of cumulative evidence and harmless error dictates
that no harm results when evidence is excluded if other evidence of substantially the
same nature is admitted. Womble v. State, 618 S.W.2d 59, 61 (Tex. Crim. App.
1981); Willover v. State, 38 S.W.3d 672, 684, (Tex. App.—Houston [1st Dist.] 2000),
rev’d on other grounds, 70 S.W.3d 841(Tex. Crim. App. 2002). The excluded
evidence was cumulative, and it was not error to exclude it. We overrule appellant’s
second point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                               Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).